**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| JOHNATHAN I. HALL, | :: | PRISONER CIVIL RIGHTS |
|     Plaintiff, | :: | 42 U.S.C. § 1983 |
| | :: | |
| v. | :: | |
| | :: | |
| SHERIFF ERIC J. LEVETT; et al., | :: | CIVIL ACTION NO. |
|     Defendants. | :: | 1:15-CV-2046-SCJ |

**ORDER**

This matter is before the Court for consideration of: the Final Report and Recommendation (R&R) of Magistrate Judge Russell G. Vineyard [Doc. No. 5], recommending that this pro se civil rights action be dismissed for failure to state a claim; and plaintiff's objections thereto [Doc. No. 7].

In reviewing a Magistrate Judge's Report and Recommendation, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." United States v. Schultz, 565 F.3d 1353, 1361 (11th Cir. 2009) (per curiam) (quoting Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988)) (internal quotation marks omitted). Absent objection, the

district judge "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge," 28 U.S.C. § 636(b)(1), and "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation," Fed. R. Civ. P. 72, advisory committee note, 1983 Addition, Subdivision (b). Further, "the district court has broad discretion in reviewing a magistrate judge's report and recommendation" – it "does not abuse its discretion by considering an argument that was not presented to the magistrate judge" and "has discretion to decline to consider a party's argument when that argument was not first presented to the magistrate judge." Williams v. McNeil, 557 F.3d 1287, 1290-92 (11th Cir. 2009).

Plaintiff Johnathan I. Hall brings this action against the Rockdale County Jail, Sheriff Eric J. Levett, and Correct Care Solutions. [Doc. No. 3 at 1, 3]. Plaintiff alleges that he received inadequate medical care, he suffered injuries due to hot water while taking a shower, he was denied due process during several disciplinary proceedings, he suffered inhumane conditions while housed in the disciplinary housing unit at the DeKalb County Jail, and some of his personal property was taken from him at the DeKalb County Jail and never returned. [Id. at 3-4].

2

The R&R provides several specific reasons for dismissing plaintiff's claims, and plaintiff has presented no argument to show that the Magistrate Judge's thorough and well reasoned decision and recommendation should be overturned. Instead, plaintiff merely reiterates the merits of his claims. As the Magistrate Judge explained, plaintiff has failed to state a claim against any of the named defendants because

> The Rockdale County Jail is not a legal entity subject to suit under § 1983. Brannon v. Thomas Cnty. Jail, 280 F. App'x 930, 934 n.1 (11th Cir. 2008) (per curiam). Plaintiff's claims against Sheriff Levett are premised upon a theory of respondeat superior, which is an insufficient basis for § 1983 liability. Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003). Plaintiff fails to state a claim against Correct Care Solutions because he has not alleged any facts to show that a policy, custom, or practice of Correct Care Solutions caused his injury. See Craig v. Floyd Cnty., Ga., 643 F.3d 1306, 1311 (11th Cir. 2011) (In order to state a claim under § 1983 against a private entity that contracts with the county to provide medical services to jail inmates, plaintiff must allege facts to show that the private entity had a custom or practice that was the moving force behind the alleged constitutional violation.).

[Doc. No. 5 at 5]. The Court further notes that the named defendants can not be held responsible for conditions at the DeKalb County Jail. For these and the other reasons stated in the R&R, plaintiff's claims must be dismissed.

Having conducted a careful review of the R&R and plaintiff's objections thereto, the Court finds that the Magistrate Judge's factual and legal conclusions were correct and that plaintiff's objections have no merit. Accordingly, the R&R is received with

3

approval and **ADOPTED** as the Opinion and Order of this Court.  This action is **DISMISSED** for failure to state a claim.

**IT IS SO ORDERED** this 10th day of July, 2015.


s/Steve C. Jones
STEVE C. JONES
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)